Members of the House of Representatives
State Capitol
Montgomery, Alabama
Sirs and Madam:
On June 29, 1976, Honorable John W. Pemberton, Clerk, Alabama House of Representatives, forwarded to the members of the Alabama Supreme Court the following House Resolution No. 231: -
“BE IT RESOLVED BY THE HOUSE OF REPRESENTATIVES OF ALABAMA, That we respectfully request the Honorable Chief Justice and Associate Justices of the Supreme Court or a majority of them, to give this body their written opinions on the following important constitutional questions which have arisen concerning the pending bill, the Substitute for H. B. 452, a copy of which is attached to this resolution and made a part hereof by reference:
“1) Is that portion of the Substitute for House Bill 452, which would limit the tenure of general officers of the Alabama National Guard to 5 years from the date of federal recognition of their grade, incompatible with Section 276 of the Con *388 stitution of 1901 as amended by Amendment 89?
2) Is the aforesaid portion of the Substitute for House Bill 452 violative of Section 273 of the Constitution of 1901 as amended by Amendment 89, in light of 32 United States Code 324(b) and Code of Federal Regulations Title 32, Chapter XI, [sic] paht 564, Sections 564.1(f), 564.2(a)(2) and (d), and 564.5(b)(1)?
RESOLVED FURTHER, That the Clerk of the House of Representatives is hereby directed to send five true copies of the pending bill, H. B. 452, to the Clerk of the Supreme Court of Alabama, and to transmit this request to the Justices of the Supreme Court forthwith upon adoption of this Resolution.”
We answer both questions in the negative.
Substitute H. B. 452, so far as we are here concerned, amends Section 61 of Act No. 1038, 1973 Regular Session, p. 1594; now appearing in Code of Alabama, Recompiled 1958, Tit. 35, § 185(61) by adding the following provision:

“Except as provided herein, the term of office for all general officers, other than the adjutant general who is appointed by and serves at the pleasure of the governor, and the assistant adjutants general for army and air who are appointed by and serve at the pleasure of the governor, shall not exceed five years from date of federal recognition in grade and such officers cannot be removed from office except for cause.”

Sections 273 and 276 of the 1901 Constitution are. as follows:
“Sec. 273. Each company and regiment shall elect its own company and regimental officers; but if any company or regiment shall neglect to elect such officers within the time prescribed by law, they may be appointed by the Governor.”
“Sec. 276. The Governor shall, with the advice and consent of the Senate, appoint all general officers, whose terms of office shall be four years. The Governor, the generals and regimental and battalion commanders shall appoint their own staffs, as may be provided by law.”
For construction of the phrase, “whose terms of office shall be four years,” for general officers in Section 276 prior to Amendment 89, see Clark v. State ex rel. Graves, 177 Ala. 188, 59 So. 259 (1912).
Amendment 89 which amends Sections 272, 273 and 276 of the 1901 Constitution reads as follows:
“LXXXIX

“State Military Forces.

“272. The legislature, in providing for the organization, equipment, and discipline of the state military forces, shall conform as nearly as practicable to the regulations of the department of defense of the United States, and the laws of the United States, governing the armed forces of the United States. All affairs pertaining to the state military forces shall be administered by a state military department, which shall be headed by the adjutant general, and who shall be responsible to the governor as commander-in-chief.
“273. Officers of the state military forces, including the adjutant general, shall be appointed, and shall be subject to suspension, discharge, removal, or compulsory retirement as such, solely on the basis of military proficiency, character and service, as determined by department of defense regulations and military usages sanctioned by the military laws of the United States, anything in this Constitution to the contrary notwithstanding. The qualifications of personnel of the federally recognized national guard shall be as prescribed in pertinent regulations and policies of the United States department of defense.
“276. The governor shall, with the advice and consent of the senate, appoint the adjutant general and all general officers. The governor shall appoint his own staff, as may be provided by law.”
It is significant that the amendment does not provide for any definite term of office for general officers. It is our opinion that the amendment abolished the four year *389 term of office which had previously been mandated by Section 276 in the 1901 Constitution.
Moreover, Section 272 of the amendment charges that the legislature, in providing for the organization, equipment and discipline of the state military forces, shall conform as nearly as practicable to the regulations of the department of defense and the laws of the United States.
Additionally, Section 273 of the amendment provides that officers of the state military forces, including the adjutant general, shall be subject to suspension, discharge, removal or compulsory retirement solely on the basis of military proficiency, character and service, as determined by department defense regulations and military usages sanctioned by the military laws of the United States.
In turn, federal laws and regulations in effect at this time provide that termination of office is, subject to some exceptions, a state function. 32 U.S.C.A., Section 324, 32 Code of Federal Regulations, Subtitle A — Department of Defense, Chapter V— Department of the Army, Part 564.
Thus, the effect of the amendment by failing to provide terms of office is to defer to federal law and regulations the matter of tenure for general officers. Since federal law and regulations place appointment and tenure within the province of state law, it is our opinion that the state legislature may fix tenure as it chooses.
Respectfully submitted,
(s) Howell T. Heflin_ Howell T. Heflin, Chief Justice
(s) James N. Bloodworth_ James N. Bloodworth
(s) James H. Faulkner_ James H. Faulkner
(s) Reneau P. Almon_ Reneau P. Almon
(s) Eric Embry_ Eric Embry
(s) Sam A. Beatty_ Sam A. Beatty Associate Justices