ADAMS, Justice.
These appeals arise out of a petition for a writ of quo warranto filed by Peter Sten-strom wherein Stenstrom asked the court to require General Ivan F. Smith to show the authority by which he holds his office as Adjutant General of the State of Alabama. The trial court held that the appointment of General Smith was valid. In upholding the appointment as proper, the trial court held that the provisions of § 31-2-58 and § 31-2-60, Code of Alabama (1975), which provide additional qualifications for the adjutant general, are in conflict with §§ 273 and 276 of the Constitution of Alabama 1901, as amended, and, therefore, are unconstitutional. We agree and affirm the order of the trial court upholding the January 20, 1987, appointment. Following the proceedings, General Smith filed a motion for attorney fees, which was denied by the trial court; he appeals from that denial, and again, we affirm. The following facts are necessary for a determination of this case.
On January 20, 1987, Governor Hunt appointed Ivan F. Smith to the position of adjutant general. Subsequently, on January 27, 1987, Governor Hunt appointed General Smith assistant adjutant general and then reappointed him adjutant general on January 28, 1987. This action was taken in an effort to comply with § 31-2-58, Code of Alabama (1975), which sets out the following qualification for the appointment of adjutant general:
“The adjutant general shall be appointed from among active officers of the federally recognized national guard....”
*235 General Smith's appointment as assistant adjutant general was never confirmed by the Senate; however, the Senate did confirm his appointment as adjutant general in May 1987.
Stenstrom argues that General Smith was not appointed “from among active officers of the federally recognized national guard.” § 31-2-58, supra. Therefore, Stenstrom contends that neither the Governor’s January 20 appointment nor the Governor’s January 28 appointment of General Smith as adjutant general is valid.
In order to determine whether Sten-strom’s allegations are meritorious, we must first consider whether the legislature has the authority to impose additional requirements on the appointment of the adjutant general. In considering the authority of the legislature to set out additional qualifications, we look first to §§ 273 and 276 of the Alabama Constitution (1901), as amended. Section 276 states as follows:
“The governor shall, with the advice and consent of the senate, appoint the adjutant general and all general officers. The governor shall appoint his own staff as may be provided by law.”
While § 276 states that the Governor shall appoint the adjutant general and that he shall be confirmed by the Senate, it does hot offer any guidance with regard to qualifications or requirements to be met by an adjutant general appointee. Section 273, on the other hand, addresses the “[ajppointment, suspension, discharge, removal and retirement of officers of state military forces,” as well as the “qualifications of personnel of [the] federally recognized national guard.” Section 273 states:
“Officers of the state military forces, including the adjutant general, shall be appointed, and shall be subject to suspension, discharge, removal, or compulsory retirement as such, solely on the basis of military proficiency, character and service, as determined by department of defense regulations and military usages sanctioned by the military laws of the United States, anything in this Constitution notwithstanding. The qualifications of personnel of the federally recognized national guard shall be as prescribed in pertinent regulations and policies of the United States department of defense.”
Section 273 is explicit in stating the qualifications for the adjutant general. His appointment shall be made “solely on the basis of military proficiency, character and service, as determined by department of defense regulations and military usages sanctioned by the military laws of the United States, anything in this Constitution notwithstanding.” § 273, supra. (Emphasis added.) While the Alabama Constitution states that the Department of Defense regulations shall dictate the qualifications for the adjutant general, we note that 10 U.S.C. § 280 authorizes the Secretary of each military department to issue any regulations necessary to implement policies of the Department of Defense. Therefore, the national guard is authorized to promulgate rules implementing Department of Defense policies, and both Sten-strom and Smith cite the National Guard Regulations as such rules. However, Sten-strom argues that in order to determine whether a potential appointee meets these qualifications, the Constitution of our state defers to the Department of Defense regulations. However, he points out that Chapter ll-2(a), National Guard Regulation 600-100, provides that “[t]he appointment of an individual as the Chief of the State Military Department and his/her authorized assistant, and their tenure of office are governed by the laws of the State.” Stenstrom contends that this regulation places the right to determine qualifications for appointments back within the province of the State. Therefore, he argues, the legislature was within the bounds of its authority in enacting § 31-2-58. We disagree.
The Department of Defense regulations do not require that the State adjutant general be federally recognized prior to, or after, his appointment. In fact, Chapter ll-3(a)(l), of National Guard Regulation 600-100, states that the “adjutant general may be appointed and serve in that capacity without Federal recognition.” Therefore, the requirements of § 31-2-58 are in direct contradiction to the National Guard *236 Regulation. The joint stipulation of facts indicates that “[a]ll officers appointed in the Alabama National Guard must meet the qualifications for federal recognition set out in National Guard Regulation 600-100,” and a plethora of qualifications exist that must be met before the adjutant general can be federally recognized. This is not a situation where no qualifications exist, as was the case in Opinion of the Justices No. 226, 335 So.2d 387 (Ala.1976) (wherein the matter of tenure was not addressed in the DOD regulations; therefore, the State, in the absence of federal guidance, was free to establish the tenure of general officers). 335 So.2d at 388-89. Indeed, the Alabama Constitution itself has specifically stated the requirements of the adjutant general, and the National Guard Regulations expand on those qualifications that must be met prior to federal recognition of the adjutant general. We, therefore, hold that the adjutant general need not be appointed from the active officers of the federally recognized national guard, because neither the Alabama Constitution nor the Department of Defense Regulations require this course of action. Section 31-2-58, Code of Alabama (1975), is in conflict with our Constitution and the DOD regulations on this point.
Stenstrom also argues that General Smith’s appointment requires the confirmation of the Senate before it is effective, even if the legislature is not in session when it becomes necessary to fill the position. We find that this would be an onerous burden. In such a situation, the Governor would be left with two equally unacceptable alternatives: leaving the position vacant until the legislature convenes; or calling a special session for the sole purpose of Senate confirmation of the appointment. The authority cited by Stenstrom for his position is Clark v. State ex rel. Graves, 177 Ala. 188, 59 So. 259 (1912). However, that case in pertinent part specifically declines to answer the very issue before us:
“It is not now necessary to determine whether in cases of vacancy in the office of brigadier general arising by reason of death, resignation, or removal at a time when the Senate is not in session a provisional appointment may be made by the Governor....”
Clark, 177 Ala. at 200, 59 So. at 263. It is our opinion that when the legislature is not in session, the Governor can appoint the adjutant general and he shall take office subject to the subsequent confirmation or failure to confirm by the Senate. In the present case, we note that General Smith was confirmed by the Senate in May 1987, following the filing of this petition and the decision of the trial court. Therefore, his appointment is valid.
The final issue before us is whether General Smith should be entitled to attorney fees, pursuant to § 31-2-91, Code of Alabama (1975), which states as follows:
“Any person bringing a civil or criminal action against a member of the national guard of this state for any act done while in discharge of his military duty shall give security for the costs and reasonable attorney’s fees incurred by the state or defendant in defending the same, in the same manner and subject to the same regulations applicable in the case of a nonresident plaintiff, and, if the plaintiff fails to recover, such attorney’s fees may be taxed with the costs and judgment therefor entered against him and his sureties on the bond.”
The trial judge was correct in finding that this statute granted him the authority to award attorney fees. However, the judge elected not to award those fees, for the following reasons:
“It appears to this Court that this was a case of first impression in this State. In reaching its decision, this Court declared as unconstitutional the statutory provisions upon which Petitioner based his claim. There is nothing to indicate that the Petition was not filed in good faith or that Petitioner lacked standing to file the same. The case involved a legitimate justiciable issue that raised a viable conflict between the Constitution of the State of Alabama and duly enacted statutory provisions. To award attorneys’ fees in this case would have a *237 chilling effect on the right of the citizenry to challenge the official acts of the Chief Executive that appear on their face to violate existing state law. But for this Court’s declaring certain statutory provisions unconstitutional, the issues may have been resolved differently.”
General Smith contends that the trial judge erred in refusing to allow him to develop the record as to Stenstrom’s motives for bringing this action. However, we note that there was an agreement between the parties that in return for a joint stipulation of facts, there would be no depositions taken. In light of this fact, as well as the reasoning of the trial judge in deciding not to award attorney fees, we hold that he did not abuse his discretion in refusing the award.
The judgment is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, SHORES, HOUSTON and STEAGALL, JJ., concur.
BEATTY, J., concurs in the result.